## LUIS GAROFALO, Plff.,

*v.*

## CITY OF RIO PIEDRAS, Represented by its Mayor, Enrique Acosta y Marquez, Dft.

---

San Juan, Law, No. 1035.

ON MOTION TO STRIKE PARTS OF ANSWER.

Pleading—Motion to Strike.

    1. A motion to strike cannot take the place of a demurrer. The motion relates to superfluous phraseology, which demurrer relates to

Garofalo v. Rio Piedras.

insufficient or improper phraseology. The one cannot be used for the other.

Contract—Necessary Allegations.

2. If a contract is to be paid for by money obtained from public authorities, that fact must be alleged in order to be material.

Contract—Approval.

3. An allegation that a contract is invalid because not approved by the Commissioner of the Interior is a denial of its legal execution.

Contract—Superseded.

4. An allegation that a new contract was entered into which annulled the old one is in effect an allegation that the old contract ceased to be effective, and that a new one took its place.

Answer—Construction.

5. Under the Porto Rican practice, Code of Civil Procedure, § 122, denials and new matter set out in the answer must be construed together as a whole.

Opinion filed July 14, 1914.

---

*Messrs. Savage & Francis* for plaintiff.

*Mr. José de Diego* for defendant.

HAMILTON, Judge, delivered the following opinion:

The answer in this case admits as true all matters contained in the first four paragraphs of the complaint, amongst others that plaintiff and defendant entered into a contract for the construction by the plaintiff of a municipal hospital for the defendant. It denies that the plaintiff has been ready to carry out the contract, that defendant has interfered, and that the plaintiff has incurred any expense. The answer then goes on

VII. Porto Rico—12.

Garofalo v. Rio Piedras.

and under the heads of "New Matter" makes certain allega-
tions as to how the funds were to be obtained, denies proper
execution of the contract, and approval of the loan by the
executive council, and alleges that the plaintiff and defendant
entered into a new contract which "annuls the contract upon
which the suit was brought."

The plaintiff now moves to strike out all these allegations
of new matter on the ground mainly that they are immaterial,
irrelevant, and redundant, and in part conclusions of law.

1. A motion to strike has its uses. "All inconvenient and
redundant matter in a pleading shall be stricken out by the
court on motion of the opposed party." Code of Civil Pro-
cedure, § 123. But a motion to strike cannot take the place
of a demurrer. "The plaintiff may . . . demur to the
answer of the defendant, or to one or more of the several de-
fenses or counterclaims set up in the answer." Code of Civil
Procedure, § 116. A demurrer may be taken, amongst other
grounds, because the answer does not state facts sufficient to
constitute a defense or counterclaim, or is ambiguous, unin-
telligible, or uncertain. Code of Civil Procedure, § 117. A
motion to strike, therefore, relates to superfluous phraseology,
while a demurrer relates to insufficient or improper phraseology.
The one cannot be used for the other. It follows that so far
as the present motion sets up defenses of illegality, it cannot
be sustained.

2. The new matter complained of in the answer, apart from
the question of illegality, is in the first place that the fund to
pay for a hospital was to be obtained from the People of Porto
Rico. If this is a part of the contract, it should be so alleged,
which is not done. The same is true as to the approval of the

Garofalo v. Rio Piedras.

expenditure by the executive council. *Non constat* that the defendant had the money otherwise with which it could legally pay for the construction of the building. The motion to strike will therefore be granted as to the new matter numbered 1 and 4.

3. The allegations as to the invalidity of the contract without the approval of the Commissioner of the Interior is a denial that the contract was legally executed. This is a proper issue. The motion will be denied as to this.

4. The allegation that a new contract was entered into which annulled the old one cannot be said to be irrelevant or redundant. It is an allegation, although in general terms, that the old contract ceased to be effective, and that a new one took its place. If it be deemed that the wording is not legally apt, this would be a matter for demurrer, and not for a motion to strike.

5. As the answer must be construed as a whole, the admission of making the contract will be held to be qualified by the denials contained in the "new matter." The complaint will be construed as a whole. "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." Code of Civil Procedure, § 122. It may be that the allegations as to which the motion to strike is sustained above can be amended so as to show that they are a part of the contract or that they are otherwise proper defenses. At present, the allegations are not sufficient for either purpose, and on their face appear to be insufficient.

The motion to strike therefore is sustained as to the allegations 1 and 4, and overruled as to the other grounds set up, and it is so ordered.